UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MAXELL HOLDINGS, LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>AMPEREX TECHNOLOGY LIMITED,<br><br>*Defendant*. | Civil Action No. 6:21-CV-347-ADA |

**DEFENDANT'S OPPOSED MOTION TO AMEND THE SCHEDULING ORDER
TO EXTEND THE TECHNICAL DOCUMENT PRODUCTION DEADLINE**

Due to a newly implemented Chinese law that prohibits the transfer of technical data out of China to foreign legal proceedings, Defendant Amperex Technology Limited ("ATL") moves the Court to extend its deadline for the technical document production by thirty (30) days to October 11, 2021, and would show the Court as follows:

On September 1, 2021, the Data Security Law of the People's Republic of China ("PRC Data Security Law") became effective. *See* Declaration of Fanghua Liu, attached as Exhibit A at ¶ 3. This law provides, in part, that "no organization or individual within the territory of the [PRC] may provide foreign judicial or law enforcement authorities with the data stored within the territory of the [PRC] without the approval of the competent authorities of the [PRC]." *Id.* at ¶ 4. Violating the PRC Data Security Law has "serious penalties" including personal minimum fines between 10,000-100,000 yuan, "and the organization may be ordered to suspend relevant business, suspend the operation for rectification, or its relevant business permit or business license will be revoked . . . ." *Id.* at ¶ 8. Included within Exhibit A is a copy of the certified translation of the PRC Data Security Law. *Id.* at ¶ 3, Ex. 2.

1

Pursuant to the Court's Scheduling Order (Dkt. 19), and in accordance with the Court's Order Governing Proceedings – Patent Case, Ver. 3.4 ("OGP"), ATL is required to serve its preliminary invalidity contentions on September 10, 2021. Dkt. 19 at 1. Additionally, ATL "shall also produce . . . technical documents, including software where applicable, sufficient to show the operation of the accused product(s)." *Id.* ATL intended, planned, and was prepared to produce these technical documents in accordance with the Scheduling Order.

While collecting technical documents to comply with the Court's OGP, but before it had completed its document collection and processing for provision to outside counsel, ATL learned about the pending PRC Data Security Law. *See* Declaration of Hanjing Xiao ("ATL Decl."), attached as Exhibit B at ¶ 5. ATL sought outside legal guidance regarding the applicability of this law. Exhibit A at ¶¶ 6, 7, 9; Exhibit B at ¶ 6. ATL also has sought guidance from the China government regarding its obligations and sought permission to provide the requested technical documentation. Exhibit B at ¶¶ 9-12 ; Exhibit A at ¶ 10. This law went into effect just one week ago, and nine (9) days before ATL is required to comply with a technical document production per the Scheduling Order. *See* Exhibit A at ¶ 3.

Per the guidance from outside legal counsel in China, compliance with the Court's Scheduling Order to produce highly confidential technical documentation regarding the operation of ATL's lithium ion battery products risks violation of the PRC Data Security Law. *Id.* at ¶ 7. Although ATL is a Hong Kong company, all of the technical documentation required for production regarding ATL's lithium ion battery products is located and held in mainland China, primarily at ATL's Ningde location. Exhibit B at ¶ 7. Because the data is located in China and with ATL's mainland China affiliate, it appears that the law applies to the documents required by the Court for production under the Scheduling Order. *Id.* Accordingly, in order to avoid severe

sanctions, including the potential that it could cease to exist, ATL must gain express approval from the authorities of the PRC to provide Plaintiff (or even this Court) with the technical documents that ATL is required to produce pursuant to the Scheduling Order and the Court's OGP. Exhibit A at ¶ 7.

Whereas ATL's entire business could be threatened if the Court does not grant relief, Plaintiff would not be prejudiced by the temporary relief sought by ATL to ensure it is in compliance with PRC law.  The claim construction hearing is over four months away.  The parties still have pending jurisdictional motions which will not be resolved until November 2021 at the earliest.  Even after this, there will be seven months of fact discovery, ensuring more than sufficient time for Plaintiff to understand the technical operation of ATL's products.  ATL has already submitted that this duplicative litigation is improperly before the W.D. of Texas due to the first-filed case in New Jersey as explained in its pending motion to dismiss (Dkt. 10).  The technical operation of ATL's products is not a relevant consideration for these jurisdictional issues or even claim construction issues.  ATL understands that the production of technical documents in this early stage can serve some purposes such as potential settlement, however, the parties are engaging in ongoing settlement discussions, and Maxell has had access to and investigated ATL's physical products for well over a year. Exhibit B at ¶ 13 .

ATL met and conferred with Plaintiff on this request.  Plaintiff opposed ATL's requested relief and did not propose any reasonable alternative that would permit ATL an opportunity to ensure that it would not be in violation of the newly passed PRC law.  Instead, Plaintiff argued that the law was inapplicable to ATL, citing a website last updated in April of this year that allegedly lists all China laws applicable in Hong Kong and ignoring that ATL disclosed that the relevant technical information was in ATL's mainland China location.  ATL submits that Plaintiff's

opposition is not well taken as its U.S. counsel appears to rely upon a misunderstanding of the PRC Data Security Law and minimizes the severe risk posed to ATL for any violation of that law. Moreover, Plaintiff's position that ATL should have known about the law in sufficient time in advance of its effective date, had sufficient time to collect the documents required for production, had sufficient time to process these documents and export them to the United States for this case, and have known with certainty that such efforts would not be in violation of the PRC Data Security Law strains credulity. It improperly seeks to advance the September 10 deadline to an earlier time and dictates when and how a large, foreign institution is required to identify, collect, process and export for production relevant documents. It also unfairly imposes upon ATL an obligation that its legal team knew of and appreciated the impact of the law in sufficient time to act in this case and obtain clearance from the PRC government in little more than a week between the law's effective date and this Court's deadline.

ATL promptly sought counsel regarding the PRC Data Security Law, which became effective on September 1, 2021. Exhibit B at ¶ 6. ATL also promptly requested guidance from the PRC government regarding its planned data export activities to comply with its obligations in this case even before the PRC Data Security Law went into effect. Exhibit B at ¶¶ 9-12. ATL has proceeded reasonably in the face of this issue and rejects Plaintiff's argument that would unreasonably require that ATL risk punitive actions by the China government just to rush out documents in an effort to subvert the PRC law.

ATL's request for this relief—a thirty (30) day extension to obtain the necessary clearance from the China government so as not to be in violation of the PRC law—is not for any bad faith or tactical reason. It is simply to ensure that in complying with this Court's Scheduling Order and

OGP, it does not risk significant fines and harm to the very existence of its business as an ongoing concern.

ATL has collected the technical documents and prepared them for production in order to meet the deadlines in this case. Although ATL cannot guarantee that it will have sufficient guidance from the China government in the 30 days it seeks for relief, it does believe this extension would at least allow further discussions with the relevant China authorities in order to obtain the necessary clearance. Requiring ATL to produce technical documents now, which it has explained it cannot do without any relief, unfairly places ATL in the untenable predicament of complying with this Court's directive or risking a direct violation of a new China law which could result in the forfeiture of its business. ATL seeks due process to be given a sufficient and reasonable amount of time to attempt to resolve the issue with the China government.

ATL will comply with its other document production requirements including a full production of all prior art and materials relied upon in its forthcoming invalidity contentions. This ensures that Plaintiff will have all material needed for the upcoming scheduled claim construction disclosures and briefing.

Based on the foregoing as good cause shown, ATL seeks a thirty (30) day extension to produce the technical documents currently due on September 10, 2021. Dkt. 19.

                                                Respectfully submitted,

Dated: September 9, 2021                    */s/ Rose Cordero Prey*

                                                Craig A. Duewall
                                                Texas Bar No. 24025334
                                                Email: duewallc@gtlaw.com
                                                Joseph W. Shaneyfelt
                                                Texas Bar No. 24105406
                                                Email: shaneyfeltj@gtlaw.com
                                                300 West Sixth Street, Suite 2050
                                                Austin, Texas 78701-4052

Telephone: 512-320-7200
**GREENBERG TRAURIG, LLP**

Harold H. Davis (admitted *pro hac vice*)
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Email: davish@gtlaw.com

Rose Cordero Prey (admitted *pro hac vice*)
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Email: preyr@gtlaw.com

**ATTORNEYS FOR SPECIALLY APPEARING DEFENDANT AMPEREX TECHNOLOGY LIMITED**

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 8 and 9, 2021, I discussed the issues raised herein with counsel for Maxell but was unable to reach an agreement. Maxell indicated that it opposed the ATL's requested relief.

*/s/ Rose Cordero Prey*
Rose Cordero Prey

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2021, I caused a true and correct copy of the foregoing to be electronically filed using the Court's CM/ECF system and thus served on all counsel of record who are deemed to have consented to electronic service.

*/s/ Rose Cordero Prey*
Rose Cordero Prey
