# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MAXELL, LTD., *Plaintiff,* v. AMPEREX TECHNOLOGY LIMITED, *Defendant.* | Civil Action No.: 6:21-cv-347-ADA<br>Civil Action No. 6:21-cv-1007-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT AMPEREX TECHNOLOGY LIMITED'S OPPOSED MOTION TO STAY PENDING *INTER PARTES* REVIEW OF ALL ASSERTED PATENTS**

## **TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................2

III. LEGAL STANDARD......................................................................................................4

    A. The Court Has Inherent Authority to Stay This Case ............................................4

    B. The Factors Considered by the Court ....................................................................5

IV. ARGUMENT ...................................................................................................................5

    A. The Early Stage of This Case Weighs in Favor of a Stay......................................5

    B. A Stay Will Simplify This Case.............................................................................7

    C. A Stay of This Case Will Not Unduly Prejudice Maxell........................................9

V. CONCLUSION..............................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*CANVS Corp. v. U.S.*,
 118 Fed. Cl. 587 (2014) ...................................................................................................6

*Click-to-Call Tech. LP v. Oracle Corp.*,
 No. A-12-CA-468-SS, 2013 WL 12121528 (W.D. Tex. Nov. 25, 2013) ..........................8, 10

*Clinton v. Jones*,
 520 U.S. 681 (1997) ........................................................................................................4

*Crossroads Systems, Inc. v. Dot Hill Systems Corp.*,
 2015 WL 3773014 (W.D. Tex. June 16, 2015) ...............................................................10

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
 No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) (Bryson, J.) ..............................................................................................................5

*DynaEnergetics Europe GmbH, v. GR Energy Servs. Operating GP, LLC*,
 No. 6:21-cv-00085-ADA (W.D. Tex. Dec. 20, 2021) (Albright, J.) .........................................8

*e-Watch, Inc. v. ACTi Corp., Inc.*,
 No. SA-12-CA-695-FB, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) (Mathy, Mag. J.), adopted by 2013 WL 6334304 (W.D. Tex. Aug. 26, 2013) (Biery, C.J.) .....................................................................................................................9

*EchoStar Techs. Corp. v. TiVo, Inc.*,
 No. 5:05-CV-81, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ..............................................5

*Kirsch Research and Dev., LLC v. IKO Indus., Inc.*,
 No. 6:20-cv-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 4, 2021) (Albright, J.) ............................................................................................................4, 7, 8, 10

*Kirsch Research & Dev., LLC v. Tarco Specialty Products, Inc.*,
 No. 6:20-CV-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 4, 2021) (Albright, J.) ...................................................................................................................7, 8

*Micrografx, LLC v. Google, Inc.*,
 2014 WL 12580455 (N.D. Tex. July 9, 2014). .................................................................9

*NFC Tech. LLC v. HTC Am., Inc.*,
 No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..................................4, 5, 7

*Norman IP Holdings, LLC v. TPLink Techs., Co.*,

No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ........................................6

*Realtime Data, LLC v. Rackspace US, Inc.*,
No. 6:16-CV-00961-RWS-JDL, 2017 U.S. Dist. LEXIS 27421 (E.D. Tex. Feb. 27, 2017) ................................................................................................................5

*Scorpcast v. Boutique Media*,
No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751 (E.D. Tex. June 7, 2021) ..........................8

*TC Tech. LLC, v. T-Mobile USA, Inc.*,
No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) (Albright, J.) ................................................................................................................ passim

I.      INTRODUCTION

The United States Patent Office has instituted *inter partes* review ("IPRs") of all of the asserted patents in this case. *See* Exhibits 1–4 (Institution Decisions for IPR2021-01440, IPR2021-01442, IPR2021-01443, and IPR2021-01443 (the "IPR Proceedings")). Meanwhile, Maxell is seeking to have this Court enter a final judgment of invalidity of U.S. Patent No. 9,077,035 ("the '035 patent") so that it can appeal the Court's ruling while this case is proceeding. Discovery has been under way for approximately 2 months, Maxell has produced less than 6,500 pages of documents, and the parties have not served any deposition notices yet. Considering Maxell's request to have the '035 patent invalidity issues decided on an interim appeal, the institution of the IPRs on all asserted patents, and that the case is still in the early stages of discovery, Amperex submits that granting a stay will promote efficiency, conserve judicial resources, and result in substantial savings to the parties. Counsel for both parties have met and conferred in a good faith attempt to resolve the matter but no agreement could be made.

While this case has been pending for over a year, it is still in its preliminary stages. Following the completion of jurisdictional and venue discovery and claim construction, the parties only recently began general fact discovery. Outside of jurisdictional discovery, no depositions have occurred or been noticed, final invalidity and final infringement contentions are not due for more than a month, and five months of fact discovery remain (September 2022). Both parties stipulated to an extension of the final contention deadlines. In addition, many deadlines lie ahead, including expert discovery (October 2022), dispositive motions for summary judgment and Daubert motions (November 2022), pre-trial disclosures, and all trial-related deadlines (December 2022). ECF No. 37. Without any additional extensions, trial is tentatively scheduled for February 7, 2023. *Id*. Moreover, if Maxell's pending motion for final judgment on the invalidity of the '035 patent is granted, further delays are almost certain.

Given that final written decisions in the IPR Proceedings are expected no later than March 23, 2023, a stay of this case at this early stage will not prejudice Maxell. It has not sought a preliminary injunction and has not otherwise argued that it cannot be compensated by a jury verdict in this case. On the contrary, a stay will promote the efficient resolution of the issues between the parties. Thus, Amperex's Motion should be granted.

## II.   BACKGROUND

Maxell filed this case on April 8, 2021. ECF No. 1. On July 2, 2021, Amperex filed its Motion to Dismiss, Transfer, or Stay. ECF No. 10. The parties then engaged in jurisdictional and venue discovery. On September 20, 2021, due to the Chinese Data Security Law, the Court vacated the jurisdictional discovery deadline, the briefing deadlines associated with Amperex's Motion to Dismiss, Transfer, or Stay, and the deadline for Amperex's technical document production. ECF No. 23 at 3. The Court further advised the parties "that the Markman hearing will not proceed until these issues are resolved." *Id*. All deadlines in the Court's Scheduling Order (ECF No. 19) subsequently were stayed until November 2, 2021, while the parties completed jurisdictional and venue discovery. Ex. 5; Ex. 6; ECF. No. 32. On November 8, 2021, the Court entered its Amended Scheduling Order (ECF No. 37), with an indefinite date for Amperex to produce technical documents in light of the ongoing issues presented by the Chinese Data Security law.

On September 23, 2021, Amperex filed petitions for *Inter Partes* Review of the Asserted Patents.[1] ECF No. 24. Maxell reported that it "expects final written decisions [in the IPR Proceedings] no later than March 23, 2023." *Id.*

---

[1] The Asserted Patents and corresponding IPR Petitions are: U.S. Patent No. 8,691,446 ('446 patent) (IPR2021-01440); U.S. Patent No. 9,077,035 ('035 patent) (IPR2021-01441); U.S. Patent No. 9,166,251 ('251 patent) (IPR2021-01442); and U.S. Patent No. 9,350,019 ('019 patent) (IPR2021-01443).

On February 4, 2022, the Court entered its Order Setting Markman Hearing for February 14, 2022. ECF No. 61. On February 9, 2022, the Court denied Amperex's Motion to Dismiss, Transfer, or Stay. ECF Nos. 63 (sealed version), 71 (public version). Five days later, on February 14, 2022, the Court held its Markman hearing and found Maxell's asserted claim 1 of the '035 patent indefinite. ECF No. 72.

On February 28, 2022, Amperex stipulated that if the PTAB instituted the IPR Proceedings, then it would not pursue in this case invalidity of the asserted claims based on the grounds raised in the Petitions, or on any other ground that was raised or could reasonably have been raised in the Petitions. ECF No. 77. Two weeks later, on March 9, 2022, Maxell filed a Motion for Partial Reconsideration of the Court's Claim Construction Order, or, Alternatively, Entry of Partial Final Judgment. ECF No. 79. Maxell asserted there would be no significant risk of piecemeal litigation but refused to agree (or request) a stay of this case and thus asked the Court to continue with litigation on some claims. At the same time, it sought partial final judgment so it could file an interlocutory appeal of the Court's claim construction decision invalidating the asserted claims of the '035 patent. *Id*. at 18. In its response, Amperex requested a stay of the case if the Court were to separate the claims and permit Maxell's interlocutory appeal. ECF No. 82 at 8–9. Maxell's Motion is currently pending.

On March 16, 2022, Amperex received approval from Chinese authorities pursuant to China's Data Security Law to disclose its technical documents located in China. ECF No. 19 at 2; Ex. 7. Based on the length of time required to receive the necessary approvals to produce documents, on April 7, 2022, the parties submitted their joint notice changing the deadlines for Final Invalidity Contentions and Final Infringement Contentions by six-weeks from April 11, 2022, to May 23, 2022. ECF No. 86.

On April 8, 2022, the PTAB instituted IPRs on three Asserted Patents. Exs. 1, 2, and 4. And on April 12, 2022, the PTAB granted institution of the remaining Asserted Patent. Ex. 3. Amperex promptly raised its intention to file the present Motion with Maxell, who opposes the requested relief. The table below summarizes the claims that are currently asserted against Amperex, as well as the claims that are being challenged in the various IPRs.

| TABLE 1 | | | | |
|---|---|---|---|---|
| Patent No. | Asserted Claims | Challenged Claims | IPR Proceedings | No. of Instituted Grounds |
| 8,691,446 | 1–5 | 1–5 | IPR2021-01440 | 2 Grounds |
| 9,077,035 | 1, 5, 8, 9, 10 | 1–11 | IPR2021-01441 | 2 Grounds |
| 9,166,251 | 1, 10, 23, 27 | 1–37 | IPR2021-01442 | 5 Grounds (2 Grounds for claims 1-30; 2 Grounds for claims 32-37; 1 Ground for claim 31) |
| 9,350,019 | 1–5 | 1–5 | IPR2021-01443 | 2 Grounds |

### III.    LEGAL STANDARD

#### A.    The Court Has Inherent Authority to Stay This Case

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Kirsch Research and Dev., LLC v. IKO Indus., Inc.*, 6:20-cv-00317-ADA, 2021 WL 4555610, at * 1 (W.D. Tex. Oct. 4, 2021) (Albright, J.) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")); *see also TC Tech. LLC, v. T-Mobile USA, Inc.*, 6-20-CV-00899-ADA, 2021 WL 8083373, at *1–2 (W.D. Tex. Dec. 7, 2021) (Albright, J.) (same). "The Court has discretion in deciding whether to stay a case." *Id*. "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *Id*. (quoting *NFC Tech. LLC v. HTC Am., Inc.*,

2:13-cv-1058, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015)). However, "there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961-RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

### B. The Factors Considered by the Court

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs.*, 2015 WL 1069111, at *2; *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) (Bryson, J.); "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

## IV. ARGUMENT

### A. The Early Stage of This Case Weighs in Favor of a Stay

When determining whether to institute a stay pending a post-grant proceeding, the Court considers the state of the proceedings, including the diligence in filing the post-grant petition and moving to stay. *NFC Tech.*, 2015 WL 1069111, at *3. The instant facts weigh in favor of a stay. This case is still at an early stage; it is not greatly advanced and on the verge of trial. While Maxell filed the complaint on April 8, 2021, the case was stayed or extended numerous times and was slow to develop because of venue and jurisdictional discovery, the parallel proceedings between Texas and New Jersey (which are largely irrelevant to the analysis as these issues are not related

5

to the merits of this case). Maxell did not serve its preliminary infringement contentions until July 16, 2021. Within two months, after reviewing the infringement contentions, Amperex filed four IPR petitions challenging the asserted claims of the Asserted Patents. ECF No. 24. The petitions were instituted between April 8, 2022, and April 12, 2022. Like in *TC Tech.*, the Court should credit Amperex for timely filing the instant motion only eight days after the last IPR was instituted. 2021 WL 8083373, at *2 (crediting T-Mobile for filing "less than one month" after institution).

In addition, the bulk of the work for the parties and the Court lies ahead. *Norman IP Holdings, LLC v. TPLink Techs., Co.*, No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court."). "If the court has expended significant resources, then courts have found that this factor weighs against a stay." *TC Tech.*, 2021 WL 8083373, at *2 (quoting *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595-96 (2014)).

So far, as to the merits, the Court has only ruled on a Motion to Dismiss and held the Markman hearing, and Maxell's Motion for Reconsideration interferes with the resolution of the latter process. Outside of jurisdictional and venue discovery, the parties have not taken a deposition, the final invalidity and infringement contentions are not due for more than a month, at least five months of fact discovery remains (September 2022), all of expert discovery remains (October 2022), all dispositive motions for summary judgment and Daubert motions and related matters remain (November 2022), and all pre-trial disclosures and all trial-related work remain (December 2022). ECF No. 37. Even without additional extensions trial is tentatively set for February 7, 2023.[2] *Id*. And if Maxell's pending motion for entry of final judgment is granted,

---

[2] This trial date is not the *actual* trial date. *See* Standing Order Governing Proceedings (OGP) 4.1– Patent Cases at 15 n.11 (noting the "actual trial date" may materially differ from default schedule).

further delays are almost inevitable. This places the trial and the final written decisions in the IPRs at just about the same time in early 2023.

This case is closer to *TC Tech.*, 2021 WL 8083373, at *2 (factor weighed in favor of stay even though complaint was filed over one year prior and crediting diligence of movant's filing), or *IKO Indus.*, 2021 WL 4555610 at *2–3 (granting stay but finding factor neutral where Markman hearing occurred six months prior and fact discovery closed that month, but crediting movant for early filing), than it is to *Kirsch Research & Dev., LLC v. Tarco Specialty Products, Inc.*, 6:20-CV-00318-ADA, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) (Albright, J.) (granting stay but finding factor weighed against stay where Markman hearing occurred six months prior and only one month of fact discovery remained). Thus, a stay will likely save substantial resources and reduce the burden of potentially three[3] parallel litigations on all parties. This factor weighs in favor of a stay.

### B.  A Stay Will Simplify This Case

A stay will undoubtedly simplify the issues in this case. "The most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *IKO Indus.*, 2021 WL 4555610, at *3 (quoting *NFC Tech.*, 2015 WL 1069111 at *4) (cleaned up). "It is undoubtedly true that, were the PTAB to invalidate the [patents] via the [IPR Proceedings], . . . this case would be simplified. And the PTAB, having instituted [those] IPR[s], has concluded that there is a reasonable likelihood that the . . . patent's claims will be invalidated." *Id*. To be sure, every Asserted Claim is subject to the instituted IPRs. *See* supra at Table 1. The PTAB's institution decisions in the IPRs explicitly found a reasonable likelihood of invalidating all asserted claims on at least two grounds each. *See* Exs.

---

[3] (1) This case, (2) the IPR Proceedings, and (3) Maxell's request to appeal of the '035 patent.

1–4. "The PTAB has, in essence, indicated that the asserted claims are likely unpatentable." *Scorpcast v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 7, 2021). Amperex has, therefore, met its burden.

Every Asserted Claim in this case is now subject to the IPR Proceedings. Thus, the outcome of the IPRs will likely prove to be dispositive if the asserted claims are found to be unpatentable. *TC Tech.*, 2021 WL 8083373, at *3 ("a stay by this Court while allowing the [IPR Proceedings] to proceed may eliminate the need for trial entirely."); *see also Click-to-Call Tech. LP v. Oracle Corp.*, 2013 WL 12121528, *2 (W.D. Tex. Nov. 25, 2013). Thus, like in *IKO Indus.*; *Tarco Specialty Products*; *TC Tech.*; and *DynaEnergetics Europe GmbH, v. GR Energy Servs. Operating GP, LLC*, No. 6:21-cv-00085-ADA (W.D. Tex. Dec. 20, 2021) (*see* Text Order Granting ECF No. 44 Motion to Stay Case; ECF No. 58), a stay would result in the simplification (or resolution) of all issues before the Court.

Maxell cannot dispute that common factual, and legal issues exist between the IPRs and this case. Factual and legal overlays include common claim terms, common prior art, and common witnesses, including the patents' alleged inventor(s). Moreover, there is also a real chance that the IPRs will clarify, simplify, or even resolve issues in this case. For example, the dispositions of the IPRs should simplify prior art related discovery, trial, and provide claim construction analysis to supplement the existing record that this Court could consider in deciding claim construction and validity since Maxell continues to contest that issue. In contrast, proceeding with the case before the IPR record is developed will likely waste party and court resources. Further, Amperex filed its *Sotera* stipulation in February, narrowing invalidity issues even more. ECF No. 77. Accordingly, because the outcome of the IPRs will likely simplify the issues in this case, this factor weighs in favor of a stay.

### C. A Stay of This Case Will Not Unduly Prejudice Maxell

Granting the requested stay will not prejudice Maxell. Maxell cannot allege prejudice based on delay for multiple reasons. As an initial matter, it is well-settled that delay caused by the IPR process, without more, does not justify denying a stay. *See e-Watch, Inc. v. ACTi Corp., Inc.*, SA-12-CA-695-FB, 2013 WL 6334372, at *8-9 (W.D. Tex. Aug. 9, 2013) (Mathy, Mag. J.), adopted by 2013 WL 6334304 (W.D. Tex. Aug. 26, 2013) (Biery, C.J.) ("[T]he mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for stay."); *Micrografx, LLC v. Google, Inc.*, 2014 WL 12580455, at *1 (N.D. Tex. July 9, 2014). And while Maxell's interest in timely enforcement is entitled to some weight, Maxell cannot argue with a straight face that a stay will cause them undue prejudice. *TC Tech.*, 2021 WL 8083373, at *2 ("because that interest is present in every case where a patent owner resists a stay, that alone is insufficient to defeat a motion to stay.").

Maxell has opposed Amperex's requests for stay at almost every turn, arguing that it desires the speediest route to resolution. ECF Nos. 40 (urging consolidation to "expedite trial"); 79 (arguing that "[i]t is in the interest of justice to hasten an appeal"); *see also* Exs. 5, 6. But as this Court recently noted, "[a] decision by the PTO could of course happen even earlier" than is scheduled. *TC Tech.*, 2021 WL 8083373, at *2. And Maxell "could also expedite the proceedings itself by filing quickly. Self-expediting would mean the [IPR] proceeding could end much sooner than the trial in this case." *Id.* Indeed, since Maxell is separately seeking to sever the '035 patent to seek an interlocutory appeal, which would certainly take multiple months from filing to resolution and remand (not to mention the necessary discovery that would then have to restart and be relitigated), Maxell cannot now claim that a stay of this case will cause "undue" prejudice. Further, the risk of a loss of evidence or witnesses' memories fading is only marginal given the

one-year delay that Maxell voluntarily took from when it first sought licensing discussions in March 2020 until it filed suit a year later in April 2021. ECF No. 1 at ¶¶ 8–9.

Furthermore, Maxell's ability to collect royalties through licensing, for example, is diminished pending the resolution of the ongoing IPRs, further reducing any purported prejudice. *IKO Indus.*, 2021 WL 4555610 at *2 ("the weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery."); *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice."); *Click-to-Call*, 2013 WL 12121528 at *1 ("[I]t is unclear why anyone would license a patent currently undergoing inter partes review given the PTAB's high standard for granting review in the first instance."). Here, the PTAB's "reasonable likelihood" standard for instituting IPR renders any prejudice to Maxell de minimis.

Moreover, not staying the case now will likely result in further complications later. A finding that the one or more Asserted Claims are invalid—which is expected given the number of grounds for which the PTAB instituted review—would necessarily mean that the parties had wasted time and resources litigating the rejected claims for no purpose. *Click-to-Call*, 2013 WL 12121528, *1 (noting the "extraordinarily wasteful" scenario if the litigation proceeds and the asserted patent is invalidated by the PTO). If anything, it is barreling ahead with the litigation that would cause undue prejudice. Accordingly, this factor weighs in favor of a stay.

## V.     CONCLUSION

All three factors favor staying this case. The benefits of a stay would far outweigh the costs. Thus, for the foregoing reasons, Amperex submits that good cause exists for staying all claims and issues pertaining to the Asserted Patents. Accordingly, Amperex respectfully requests that the Court grant this Motion.

Dated: April 20, 2022                    Respectfully submitted,

                                                  By:  */s/ Rose Cordero Prey*
                                                  Craig A. Duewall
                                                  Texas Bar No. 24025334
                                                  Joseph W. Shaneyfelt
                                                  Texas Bar No. 24105406
                                                  **GREENBERG TRAURIG, L.L.P.**
                                                  300 West Sixth Street, Suite 2050
                                                  Austin, Texas 78701-4052
                                                  Telephone: 512-320-7200
                                                  Email: duewallc@gtlaw.com
                                                  Email:  shaneyfeltj@gtlaw.com

                                                  Harold Davis (*pro hac vice*)
                                                  David S. Bloch (*pro hac vice*)
                                                  Yang Liu (*pro hac vice*)
                                                  **GREENBERG TRAURIG, L.L.P.**
                                                  Four Embarcadero Center, Suite 3000
                                                  San Francisco, CA 9411
                                                  Telephone:  415-655-1300
                                                  Email: davish@gtlaw.com
                                                  Email: blochd@gtlaw.com
                                                  Email: yangliu@gtlaw.com

                                                  Rose Cordero Prey (*pro hac vice*)
                                                  **GREENBERG TRAURIG, L.L.P.**
                                                  One Vanderbilt Avenue
                                                  New York, NY 10017
                                                  Telephone: 212-801-9200
                                                  Email: preyr@gtlaw.com

                                                  James Joseph DeCarlo
                                                  **GREENBERG TRAURIG, L.L.P.**
                                                  500 Campus Drive, Suite 400
                                                  Florham Park, NJ 07932
                                                  Telephone: 973-360-7938
                                                  Email: decarloj@gtlaw.com

                                                  Nigamnarayan Acharya (*pro hac vice*)
                                                  **GREENBERG TRAURIG, L.L.P.**
                                                  333 Piedmont Road, Ne, Suite 2500
                                                  Atlanta, GA 30305
                                                  Telephone: 678-553-2100
                                                  Email: acharyan@gtlaw.com

Charles Everingham, IV
Tex. Bar No. 00787447
Claire Abernathy Henry
Tex. Bar No. 24053063
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
Email: ce@wsfirm.com
Email: claire@wsfirm.com

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, I hereby certify that counsel of record for both parties to the above action met and conferred in a good-faith attempt to resolve the matter on April 20, 2022. Counsel for Maxell, Ltd., indicated it was opposed to the relief requested herein.

<i>/s/ Joseph W. Shaneyfelt</i><br>Joseph W. Shaneyfelt

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on April 20, 2022.

*/s/ Joseph W. Shaneyfelt*
Joseph W. Shaneyfelt
