# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br> *Plaintiff*,<br><br>v.<br><br>AMPEREX TECHNOLOGY LIMITED,<br><br> *Defendant*. | CIVIL ACTION NO. 6:21-cv-347-ADA<br>[LEAD CASE]<br><br>**JURY TRIAL DEMANDED** |
| AMPEREX TECHNOLOGY LIMITED,<br><br> *Plaintiff*,<br><br>v.<br><br>MAXELL, LTD.,<br><br> *Defendant*. | CIVIL ACTION NO. 6:21-cv-1007-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF MAXELL, LTD.'S OPPOSITION TO DEFENDANT
AMPEREX TECHNOLOGY LIMITED'S OPPOSED MOTION TO STAY
<u>PENDING *INTER PARTES* REVIEW OF ALL ASSERTED PATENTS</u>**

US 8821178

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | Introduction ................................................................................................................. | 1 |
| II. | Factual Background .................................................................................................... | 2 |
| III. | Argument ..................................................................................................................... | 3 |
| | A.   A Stay Is Not Likely to Simplify This Case. ............................................... | 3 |
| | B.   A Stay Will Cause Undue Prejudice to Maxell. ......................................... | 6 |
| | C.   The Proceedings in this District Have Reached an Advanced Stage, Rendering a Stay Inappropriate. ................................................................... | 9 |
| IV. | Conclusion .................................................................................................................. | 10 |

US 8821178

# **TABLE OF AUTHORITIES**

**Cases**

*Advanced Electrolyte Techs. LLC v. Samsung SDI Co.*,
   No. A:17-CV-0030-LY, 2018 WL 11346890 (W.D. Tex. Sept. 24, 2018) ............................... 11

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
   No. 6:09-CV-366, 2010 WL 11469800 (E.D. Tex. June 4, 2010) ........................................... 10

*Amperex Tech. Ltd. v. Maxell, Ltd.*,
   Civ. No. 21-08461-KM-MF, 2021 WL 4398804 (D.N.J. Sept. 27, 2021) ................................ 2

*Amperex Tech. Ltd. v. Maxell, Ltd.*,
   No. 2022-1017, Dkt. No. 14 (Fed Cir. Dec. 6, 2021) ................................................................ 2

*Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*,
   No. 2:19-CV-00333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) ............................... 5

*Cont'l Intermodal Grp. – Trucking LLC v. Sand Revolution LLC*,
   No. 7:18-CV-00147-ADA (W.D. Tex. July 22, 2020) .......................................................... 7, 9

*In re Amperex Tech. Ltd.*,
   No. 2022-105, Dkt. No. 2 (Fed. Cir. Oct. 19, 2021) .................................................................. 2

*Intellectual Ventures I LLC v. T Mobile USA, Inc.*,
   No. 2:17-CV-00577-JRG, 2018 WL 11363370 (E.D. Tex. Dec. 13, 2018) ............................... 7

*Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*,
   No. 6-20-CV-00200-ADA, 2021 WL 1298932 (W.D. Tex. Apr. 7, 2021) .............................. 11

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
   No. 6:18-CV-00207-ADA, 2019 WL 11706231 (W.D. Tex. May 30, 2019) ................. 6, 8, 11

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*,
   No. A-12-CA-773-SS, 2013 WL 6097571 (W.D. Tex. June 10, 2013) ................................... 10

*Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*,
   No. 6:11-CV-492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) .............................................. 8

*Realtime Data, LLC v. Rackspace US, Inc.*,
   No. 6:16-CV-00961-RWS-JDL, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ......................... 7

*TC Tech. LLC v. T-Mobile USA, Inc.*,
   No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ...................... 8, 9, 12

*Trivascular, Inc. v. Samuels*,
   812 F.3d 1056 (Fed. Cir. 2016) .................................................................................................. 5

*USC IP P'ship, L.P. v. Facebook, Inc.*,
   No. 6-20-CV-00555-ADA, 2021 WL 6201200 (W.D. Tex. Aug. 5, 2021) ....................... passim

**Statutes**

35 U.S.C. § 314(a) ............................................................................................................................. 4

35 U.S.C. § 316(a)(11) ............................................................................................................. 3, 7

**Other Authorities**

*Message from Chief Judge James Donald Smith, Board of Patent Appeals and Interferences: USPTO Discusses Key Aspects of New Administrative Patent Trials*, U.S. Patent and Trademark Office (May 21, 2012) .......................................................................................... 4

Plaintiff Maxell, Ltd. ("Maxell") hereby submits its opposition to Amperex Technology Limited's ("ATL's") Opposed Motion to Stay Pending *Inter Partes* Review of All Asserted Patents (Dkt. No. 89, "Motion" or "Mot.") and respectfully requests that the Court deny the Motion.

I.      **INTRODUCTION**

This case has been pending for over a year now, with trial set to begin in less than ten months. Despite having no success previously, *see* Mot. at 9 (referencing ATL's numerous "requests for stay"), ATL again attempts to delay resolution of Maxell's claims. But ATL's Motion fails to demonstrate that a stay is appropriate. Instead, the Motion is another in a long line of wasteful tactics by ATL—including an improper anticipatory action in New Jersey, jurisdictional challenges that forced the parties to conduct unnecessary jurisdictional discovery, a motion to dismiss that was wholly rejected by the Court, and a failed mandamus petition and separate appeal to the Federal Circuit—intended to avoid reaching the merits of Maxell's allegation that ATL has infringed Maxell's patents. Despite these obstructionist efforts, this case has reached an advanced stage: the parties have completed the *Markman* process and the Court has issued its claim construction order, and the parties are well into fact discovery. The time to address the merits of this case is now.

In the Motion, ATL pays lip service to the factors for determining whether a stay is appropriate—(1) whether a stay is likely to simplify the case, (2) whether a stay will cause undue prejudice to the non-moving party, and (3) whether the case has reached an advanced stage. However, ATL misapplies those factors at every turn, mischaracterizes the law, and ignores the facts. **First**, ATL argues that a stay will simplify this case, but misrepresents the impact of its *Sotera*-style stipulation and the Patent Trial and Appeal Board's (the "Board's") institution decisions. *See* Mot. at 7-8; Section III.A, *infra*. **Second**, ATL argues that a stay will not cause undue prejudice to Maxell, but ignores Maxell's legitimate interest in the timely enforcement of its patent rights, the serious risk of losing reliable witness testimony due to delay, and the effect on Maxell's ability to collect its monetary damages. *See* Mot. at 9-10; Section III.B, *infra*. **Third**, ATL argues that this case is in its "preliminary stages," but ignores the significant resources

-1-

US 8821178

invested in this dispute by the parties and the Court. *See* Mot. at 1, 5-7; Section III.C, *infra*. For the reasons set forth in detail below, a stay is not appropriate because it is not likely to simplify this case, it will cause undue prejudice to Maxell, and the case is already sufficiently advanced.

Maxell therefore respectfully requests that the Court deny the Motion.

## II.     FACTUAL BACKGROUND

This dispute is now in its third year. On March 27, 2020, in an effort to facilitate an out-of-court resolution regarding ATL's infringement, Maxell sent ATL a letter describing its lithium-ion battery patent portfolio, explaining the value of the patented technologies to ATL's products, and offering to begin mutually beneficial licensing discussions. Dkt. No. 1 ¶ 8. The parties subsequently entered into a non-disclosure agreement and engaged in a year-long negotiation, which ended with ATL's anticipatory suit filed in the District of New Jersey ("D.N.J."), which that court found was filed in "bad faith." *See Amperex Tech. Ltd. v. Maxell, Ltd.*, Civ. No. 21-08461-KM-MF, 2021 WL 4398804, at *6, *7 (D.N.J. Sept. 27, 2021). Two days later, on April 8, 2021, Maxell filed its Complaint for Patent Infringement in this District, alleging infringement of U.S. Patent Nos. 8,691,446; 9,077,035 ("the '035 Patent"); 9,350,019; and 9,166,251 (collectively, the "Asserted Patents"). *See* Dkt. No. 1 ¶ 53.

On September 27, 2021, the D.N.J. judge refused jurisdiction over ATL's anticipatory suit, declined ATL's request to enjoin this action, and transferred ATL's suit to this District. *See Amperex Tech.*, 2021 WL 4398804, at *9. Undeterred, ATL sought mandamus relief from the D.N.J.'s transfer order and separately appealed the D.N.J.'s decision not to enjoin this action. *See In re Amperex Tech. Ltd.*, No. 2022-105, Dkt. No. 2 (Fed. Cir. Oct. 19, 2021); *Amperex Tech. Ltd. v. Maxell, Ltd.*, No. 2022-1017, Dkt. No. 14 (Fed Cir. Dec. 6, 2021). Both efforts failed—the Federal Circuit denied the mandamus petition, finding no abuse of discretion, after which ATL withdrew its separate appeal. *See* Dkt. No. 63 at 3 & n.1.

In parallel, ATL also sought to prevent this action from moving forward. On July 2, 2021, ATL moved to dismiss or, in the alternative, transfer or stay Maxell's patent infringement action, arguing lack of personal jurisdiction and otherwise recycling arguments from its ill-fated motion

US 8821178

to enjoin in the D.N.J. *See* Dkt. No. 10. As a result of the jurisdictional challenges asserted by ATL, the parties engaged in significant jurisdictional discovery, including interrogatory responses, document production, and depositions. After jurisdictional discovery concluded, on February 9, 2022, this Court denied ATL's motion to dismiss on all grounds. *See* Dkt. No. 63.

Meanwhile, the parties served preliminary infringement and invalidity contentions, completed claim construction briefing, and began preparing for the *Markman* hearing, which the Court held on February 14, 2022. *See* Dkt. Nos. 19, 59, 61. The Court's Claim Construction Order was entered shortly after the *Markman* hearing. *See* Dkt. No. 72. The next day, fact discovery opened and the parties served their respective discovery requests. *See* Dkt. No. 37 at 2. To date, the parties have collectively produced over 29,000 documents comprising over 250,000 pages. Declaration of Corbin J. Cessna ("Cessna Decl.") ¶ 3. ATL has also subpoenaed twelve third parties, at least four of which have already begun producing documents. *Id.* ¶ 4. In short, this dispute is not "in its preliminary stages," as ATL suggests. Mot. at 1.

The Board's final written decisions in the *inter partes* reviews ("IPRs") of the Asserted Patents are not expected until mid-April 2023,[1] *see* 35 U.S.C. § 316(a)(11), more than two months after trial in this case, which is set for February 7, 2023, *see* Dkt. No. 37 at 4. In granting institution, the Board found the merits of ATL's petitions to be merely "neutral." *See, e.g.*, Dkt. No. 89-1 at 10-11. The Board repeatedly stated that ATL's arguments were simply "sufficient" for the purpose of institution. *See, e.g., id.* at 11, 18-19, 22, 23, 25, 29, 32.

### III.   ARGUMENT

The Motion should be denied because each of the factors weigh against a stay of this case.

#### A.   A Stay Is Not Likely to Simplify This Case.

When considering whether to grant a stay pending an IPR proceeding, "[t]he most important factor . . . is the prospect that the [IPR] proceeding will result in simplification of issues

---

[1] ATL's assertion that the final written decisions are expected no later than March 23, 2023 is mistaken. *See* Mot. at 2. ATL relies on a statement made shortly after the petitions were filed, when the institution date was unknown. *Id.* The AIA gives the Board one year from institution to issue final written decisions, which can be extended by up to six months. 35 U.S.C. § 316(a)(11).

before the Court." *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021) (internal quotation marks and citation omitted).  ATL has not demonstrated that granting a stay will simplify the issues before the Court for three reasons: (1) ATL has not shown it is likely the Board will find all asserted claims unpatentable; (2) ATL is already estopped from presenting here the invalidity grounds included in the IPRs or that reasonably could have been raised; and (3) ATL has not shown any other purported simplification.

**First**, ATL has not shown it is likely the Board will find every asserted claim unpatentable. Although ATL touts the Board's determination that ATL demonstrated a "reasonable likelihood"[2] of invalidating the asserted claims, *see* Mot. at 7-8, it neglects to mention that language is **required by law** as the standard for instituting an IPR, *see* 35 U.S.C. § 314(a).  But this is not enough for ATL to show that a stay is warranted.  To prevail, ATL "must point to more than a successful petition to show that the Board is likely to invalidate every asserted claim." *USC IP*, 2021 WL 6201200, at *2 (quoting *Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-CV-00333-JRG-RSP, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021)).  "[T]here is a significant difference between a petitioner's burden to establish a 'reasonable likelihood of success' at institution, and actually proving invalidity by a preponderance of the evidence at trial." *Trivascular, Inc. v. Samuels*, 812 F.3d 1056, 1068 (Fed. Cir. 2016).  This case is thus very similar to this Court's recent decision in *USC IP Partnership, L.P. v. Facebook, Inc.*  There, despite the defendant's argument that "a stay . . . will simplify the issues because the [Board] ha[d] instituted review [of] all of the asserted claims," this Court found the defendant "ha[d] not shown that the [Board] is likely to invalidate all asserted claims" because the Board noted in its institution decisions that it could not say the merits were "particularly strong." *USC IP*, 2021 WL 6201200, at *2.  Likewise, here, when addressing the strength of the merits, the Board found the merits to be "**neutral**" and merely

---

[2] A "reasonable likelihood" merely "encompasses a 50/50 chance"—not even "more likely than not."  *See Message from Chief Judge James Donald Smith, Board of Patent Appeals and Interferences: USPTO Discusses Key Aspects of New Administrative Patent Trials*, U.S. Patent and Trademark Office (May 21, 2012), *available at* https://www.uspto.gov/patents/laws/america-invents-act-aia/message-chief-judge-james-donald-smith-board (last accessed Apr. 27, 2022).

-4-

"sufficient to meet our standard for instituting."  *See, e.g.*, Dkt. No. 89-1 at 10-11 (emphasis added).  As such, ATL has not carried its burden to show that the Board is likely to invalidate every asserted claim.

**Second**, ATL argues that its *Sotera*-style stipulation will "narrow[] invalidity issues even more," Mot. at 8, but under that stipulation, the scope of prior art ATL can present in this case is **already** limited—as if IPR estoppel already attached—and there is no additional simplification to be had by waiting on the IPRs.  *See* Dkt. No. 77 at 2 (agreeing to limit invalidity case "if the Board institutes" review).  Indeed, ATL's stipulation must weigh **against** a stay.  As a tool to maximize chances of institution, ATL chose to guarantee the Board and this Court that there would be minimal overlap of issues between the IPRs and this case, and the Board credited this guarantee as ensuring that the IPR "is a true alternative to the district court proceeding"—in fact, this was the decisive factor for the Board in declining to exercise its discretion to deny institution under *Fintiv*.  *See, e.g.*, Dkt. No. 89-1 at 9-10 (finding that ATL's stipulation weighed "strongly" against exercising discretion).  But there are consequences to ATL's strategic decision.  Having secured the benefit of institution by guaranteeing minimal overlap, ATL cannot now argue to this Court that there is so much overlap in the factual and legal issues between the two proceedings, including "common prior art," that a stay must be granted.  *See* Mot. at 8.  ATL cannot have it both ways—no stay is necessary because ATL is bound to a narrower scope of invalidity grounds **now**.

Further, as this Court has recognized, any simplification effect is limited.  ATL "can still challenge in this Court the invalidity of the asserted claims on other grounds, especially those grounds that rely on system prior art, which could not be relied on during IPRs."  *USC IP*, 2021 WL 6201200, at *2.  Here, ATL has propounded twelve third-party subpoenas requesting documents regarding alleged prior art systems, demonstrating that ATL intends to rely on prior art systems in this case—cutting against its arguments of simplification.  *See* Cessna Decl. ¶ 4.

**Third**, ATL's remaining arguments regarding simplification are no more compelling.  ATL amorphously invokes "claim construction analysis," Mot. at 8, but the Court has issued its claim construction order and "has already resolved the meaning of the claim terms as a matter of

-5-

law," weighing against a stay, *see Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *3 (W.D. Tex. May 30, 2019). ATL also mentions "common witnesses, including the patents' alleged inventor(s)," but makes no effort to explain how a stay would result in any simplification based on these purported commonalities. Mot. at 8. Indeed, such commonalities are always present between a co-pending IPR and district court litigation.

ATL's arguments amount to the proposition that this case should be stayed simply because IPRs have been instituted, which must be rejected—"there is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *USC IP*, 2021 WL 6201200, at *1 (quoting *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961-RWS-JDL, 2017 WL 772654, at *2 (E.D. Tex. Feb. 28, 2017)). "Denying the stay would allow the Parties to obtain a more timely and complete resolution of infringement, invalidity, and damages issues." *Cont'l Intermodal Grp. – Trucking LLC v. Sand Revolution LLC*, No. 7:18-CV-00147-ADA, Text Order (W.D. Tex. July 22, 2020). Because ATL has failed to carry its burden to show any likely simplification, this factor weighs heavily against a stay, and the Motion should be denied.

### B. A Stay Will Cause Undue Prejudice to Maxell.

Maxell will be unduly prejudiced by a stay in multiple ways.

**First**, Maxell has a legitimate interest in the timely enforcement of its patent rights. *See USC IP*, 2021 WL 6201200, at *2 (explaining that a patent holder "has an interest in the timely enforcement of its patent right, even when the patent holder has only sought monetary relief" (internal quotation marks and citations omitted)); *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 11363370, at *2 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive."). Here, trial is set for February 2023; thus, a stay will prejudice Maxell "by depriving it of a timely jury trial." *Multimedia Content*, 2019 WL 11706231, at *2. "[E]ven under the best of scenarios, the final decision [by] the [Board] would come months after

the jury trial that is scheduled for [February 2023]." *Id.* Further, while the Board's April 2022 institution decisions would normally mean final written decisions in April 2023, "there is uncertainty to this date," which "can be extended up to six months for good cause." *Id.*; *see also* 35 U.S.C. § 316(a)(11). A stay would therefore last at least one year, and potentially eighteen months, pushing well beyond the scheduled trial date of February 7, 2023. If either party appeals the Board's decisions (which is almost certain to occur), the delay could exceed two years. *See USC IP*, 2021 WL 6201200, at *2 (noting appeals could cause a stay to "extend well beyond" the initial period); *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11-CV-492, 2015 WL 11439060, at *5 n.8 (E.D. Tex. Jan. 5, 2015) (explaining additional delay imposed by appeals is considerable and maintaining a stay through such appeals would be very costly).

ATL's heavy reliance on *TC Technology LLC v. T-Mobile USA, Inc.* is misleading and misplaced. That case, in which the Court granted a stay in light of a pending *ex parte* reexamination, is inapposite for several reasons. There, the PTO had already issued one non-final rejection in the reexamination, under which the Court found that "[i]nvalidation is especially likely." *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-CV-00899-ADA, 2021 WL 8083373, at *3 (W.D. Tex. Dec. 7, 2021). As discussed above, ATL has demonstrated no such likelihood here. In addition, the case there was "in its infancy," with *Markman* and fact discovery still five months in the future. *Id.* Here, the parties have completed *Markman* and are well into fact discovery. More importantly, there, the final office action was due five months **before** the scheduled trial, *id.* at *2, but here, the final written decisions are due two months **after** trial. *TC Technology* therefore does nothing to diminish the undue prejudice a stay would cause Maxell, which this Court has previously recognized. *See USC IP*, 2021 WL 6201200, at *2.

ATL's reliance on Maxell's Motion for Partial Reconsideration of the Court's Claim Construction Order (Dkt. No. 72), or, Alternatively, Entry of Partial Final Judgment, Dkt. No. 79, also offers no basis for a stay. ATL fails to articulate how granting Maxell's motion for partial final judgment on the '035 Patent would result in any delay that would support ATL's Motion. In the event the Court denies reconsideration of its holding that the '035 Patent is indefinite, but enters

final judgment on the '035 Patent, Maxell would seek an immediate appeal in order to press forward on that patent, rather than wait "while separate claims relating to other Asserted Patents are resolved in this Court over the next year" before having an opportunity to pursue its appeal the '035 Patent. Dkt. No. 79 at 18. Maxell seeks an immediate appeal on that patent to avoid the undue prejudice caused by such a delay. This is consistent with Maxell's interest in pressing forward with this case in opposition to ATL's Motion, as a stay would further compound the prejudice to Maxell. A stay not only impacts Maxell's ability to collect damages, but also deprives Maxell of its Seventh Amendment right to a jury trial on its claims that ATL has infringed Maxell's constitutionally derived patent rights. *See Cont'l Intermodal*, Text Order ("The Court strongly believes [in] the Seventh Amendment . . . ."). ATL argues that merely delaying Maxell's ability to collect monetary damages is insufficient to unduly prejudice Maxell, Mot. at 10, but while a delay in collecting monetary damages **alone** may not constitute undue prejudice, the facts demonstrate that a stay would unduly prejudice Maxell for the additional reasons discussed herein. It is difficult to see how a stay would do anything but increase the prejudice to Maxell with respect to the '035 Patent and the other Asserted Patents.

**Second**, Maxell will be unduly prejudiced by the risk of losing evidence or by witnesses' memories fading. ATL's only argument on this is that the additional delay of a stay introduces only "marginal" risks and appears to fault Maxell for first pursuing licensing outside of litigation. *See* Mot. at 9-10. As an initial matter, attacking as a "delay" Maxell's good faith attempts to settle the dispute through negotiation prior to litigation misses the point—that ATL has now stretched this dispute into its third year merely demonstrates that Maxell would in fact be prejudiced by a stay that could delay resolution by even more years. But setting aside the "dubious merits" of that argument, *see Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. A-12-CA-773-SS, 2013 WL 6097571, at *1 n.1 (W.D. Tex. June 10, 2013) (finding defendant's argument that delay in filing lawsuit shows lack of prejudice has "dubious merits"), ATL is wrong to discount the risks. A stay would extend for at least a year and possibly even longer due to potential appeals. Given this potential multi-year delay, the risk of both parties' witnesses' memories fading or becoming

-8-

unavailable is a real concern. *See Allvoice Devs. US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would "create a substantial delay that could cause prejudice by . . . risking the loss of evidence as witnesses become unavailable and memories fade").

Because a stay will be unduly prejudicial, this factor weighs against granting the Motion.[3]

### C. The Proceedings in this District Have Reached an Advanced Stage, Rendering a Stay Inappropriate.

As much as ATL may wish otherwise, the parties and the Court have invested significant resources in this dispute, and the case has reached a sufficiently advanced stage to render a stay inappropriate. As discussed above, the parties and the Court invested significant resources in early motion practice and jurisdictional discovery (efforts that spanned this District, the D.N.J., and the Federal Circuit). *See* Section II, *supra*. The parties briefed and the Court decided in Maxell's favor ATL's motion to dismiss, transfer, or stay. *See* Dkt. No. 63. The parties and the Court have also completed *Markman*. *See* Dkt. No. 72. The parties are now well into fact discovery in earnest, with twelve third-party subpoenas issued and tens of thousands of documents exchanged. *See* Cessna Decl. ¶¶ 3-4. Most importantly, the trial is set for February 7, 2023, less than 10 months from now.[4] This factor thus weighs against a stay. *See Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-ADA, 2021 WL 1298932, at *3 (W.D. Tex. Apr. 7, 2021) ("Courts regularly measure the early stages of a case by whether the parties have started discovery and whether the court has issued a claim construction order."); *Multimedia Content*, 2019 WL 11706231, at *3 ("In short, in view of the advanced nature of the Court's proceedings, including the completion of the *Markman* hearing, the rendering of claim constructions by the Court, and

---

[3] ATL also appears to argue that **ATL** will be prejudiced if the stay is denied. *See* Mot. at 10. ATL's argument is premised on its assumption that the asserted claims will be invalidated, which is unfounded at this point. *See* Section III.A, *supra*. More importantly, it is irrelevant—the factor under consideration is whether **Maxell**, as the nonmoving party, will be unduly prejudiced. *See USC IP*, 2021 WL 6201200, at *1.

[4] ATL disparages this date as "not the *actual* trial date," Mot. at 6 n.2, but that is wrong. The Court ordered this trial date. *See* Dkt. No. 37 at 4.

US 8821178

the fact that a jury trial has been set for [14 months from now], the Court finds that this factor weighs against granting a stay."); *Advanced Electrolyte Techs. LLC v. Samsung SDI Co.*, No. A:17-CV-0030-LY, 2018 WL 11346890, at *2 (W.D. Tex. Sept. 24, 2018) (denying stay when trial was over a year away but parties' claim construction disputes had been resolved).

ATL's arguments to the contrary are unavailing. **First**, ATL is wrong to focus on what tasks remain ahead to prepare for trial, Mot. at 6, while ignoring the significant investment in the case to date. **Second**, ATL is wrong that "the **case** was stayed or extended numerous times." *See* Mot. at 5 (emphasis added). Interim **case deadlines** have been extended (mostly at ATL's request), but from the very first scheduling order, the trial date has remained set for February 7, 2023. *Compare* Dkt. No. 19 at 5 *with* Dkt. No. 37 at 4. **Third**, ATL is wrong that the case was "slow to develop **because of** venue and jurisdictional discovery," Mot. at 5 (emphasis added), because venue and jurisdictional discovery deadlines were included in the original scheduling order (as was the July 16, 2021 deadline for preliminary infringement contentions), Dkt. No. 19 at 2. Indeed, the only delays in this case have been a result of ATL's own tactics. *See, e.g.*, Dkt. No. 89-6 at 4 (requesting a stay of all case deadlines for 30 days "[i]n light of the continued inability for ATL to provide technical documents and [ATL's] pending CAFC appeal"). **Fourth**, once again, ATL is wrong to rely on *TC Technology*, *see* Mot. at 6-7, which is a decision regarding *ex parte* reexamination and completely distinguishable from these facts, *see* Section III.B, *supra*. And in any event, the "credit" ATL seeks to import from *TC Technology* for timely filing its Motion ignores the fact that there, the motion to stay was filed six months before the *Markman* hearing was scheduled and discovery was to begin. 2021 WL 8083373, at *3. But here, *Markman* is two months gone and fact discovery is well underway.

Accordingly, this case has reached a sufficiently advanced stage, weighing against a stay.

## IV. CONCLUSION

For the foregoing reasons, Maxell respectfully requests that the Court deny the Motion.

US 8821178

Dated: April 27, 2022

Respectfully submitted,

VINSON & ELKINS LLP

*/s/ Hilary L. Preston*
Hilary L. Preston
Texas Bar No. 24062946
hpreston@velaw.com
Jeffrey T. Han
Texas Bar No. 24069870
jhan@velaw.com
Erik Shallman
Texas Bar No. 24113474
eshallman@velaw.com
Corbin J. Cessna
Texas Bar No. 24120753
ccessna@velaw.com
VINSON & ELKINS LLP
200 West 6th Street, Suite 2500
Austin, TX  78701
512.542.8400 Telephone
512.542.8612 Facsimile

Eric J. Klein
Texas Bar No. 24041258
eklein@velaw.com
Paige H. Wright
Texas Bar No. 24109833
pwright@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, TX  75201
214.220.7700 Telephone
214.220.7716 Facsimile

**ATTORNEYS FOR MAXELL, LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2022, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

*/s/ Corbin J. Cessna*
Corbin J. Cessna

-11-

US 8821178