# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br>    *Plaintiff,*<br><br>v.<br><br>AMPEREX TECHNOLOGY LIMITED,<br><br>    *Defendant.* | Civil Action No. 6:21-cv-347-ADA<br>Civil Action No. 6:21-cv-1007-ADA<br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO
### STAY PENDING *INTER PARTES* REVIEW OF ALL ASSERTED PATENTS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | MAXELL'S INCORRECT STATEMENTS OF FACT | 1 |
| II. | ARGUMENT | 2 |
| | A. Staying this Case Pending the Instituted IPRs Will Simplify the Issues | 2 |
| | B. Maxell Has Failed to Refute ATL's Showing of No Undue Prejudice | 3 |
| | C. Most of the Time, Effort, and Resources in this Case Lies Ahead | 5 |
| III. | CONCLUSION | 6 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Amperex Tech. Ltd. v. Maxell, Ltd.*,
   2021 WL 4398804, at *6 (D.N.J. Sept. 27, 2021) ...................................................................1

*Kirsch Research and Dev., LLC v. IKO Indus., Inc.*,
   No. 6:20-cv-00317-ADA, 2021 WL 4555610 (W.D. Tex. Oct. 4, 2021) ................................3

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
   No. 6:18-CV-00207-ADA, 2019 WL 11706231 (W.D. Tex. May 30, 2019) ..........................4

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-cv-1058, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..........................................2

*Pi-Net Int'l Inc., v. Staples, Inc. et al*,
   No. 2:13-cv-01016-JRG-RSP, ECF 84 (E.D. Tex. May 2, 2014) ........................................4, 5

*Scorpcast v. Boutique Media*,
   No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751 (E.D. Tex. June 7, 2021) ..........................3

*TC Tech. LLC, v. T-Mobile USA, Inc.*,
   No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ...........................4, 5

The Court should disregard Maxell's incorrect "facts" and misapplication of the stay factors contrary to this Court's precedent and, instead, grant ATL's motion to stay pending the *inter partes* review (IPR) of all Asserted Patents. Maxell argues against a stay by focusing on matters unrelated to the validity of its patents, knowing that under a proper application of the stay factors to the merits, ATL's motion should be granted. ATL more than meets its burden for a stay demonstrating that given the stage of this case and the strength of the IPR grounds, a stay will simplify the case, and Maxell will not be unduly prejudiced by a stay.

### I.  MAXELL'S INCORRECT STATEMENTS OF FACT

Maxell's bold (and wrong) claim that ATL "misapplies [the] factors at every turn, mischaracterizes the law, and ignores the facts," ECF 90 at 1, is incorrect as shown below:

| Maxell's "Facts" | Actual Facts |
|---|---|
| Claiming that ATL had "no success previously," in obtaining a stay of this case. ECF 90 at 1. | ATL succeeded in obtaining a stay from this Court, twice. ECF Nos. 89-5 ("Given the Court's rulings on September 10, 2021, the Court will stay all deadlines in this case for 30 days."); 89-6 ("The Court will keep this case stayed as of now."). |
| "This dispute is now in its third year." *Id.* at 2 | Maxell filed this lawsuit on April 8, 2021. ECF 1. |
| Claiming the New Jersey Court found that ATL "filed in 'bad faith.'" *Id.* | The New Jersey Court did not hold that ATL "filed in bad faith" and distinguished ATL's acts from another case, noting "it does not rival the facts of *Contec* for egregiousness." *Amperex Tech. Ltd. v. Maxell, Ltd.*, 2021 WL 4398804, at *6 (D.N.J. Sept. 27, 2021). |
| "the parties have collectively produced over 29,000 documents" *Id.* at 3. | Maxell has produced only 364 documents, only 82 of which were produced since general discovery opened. Shaneyfelt Decl. at 1. |
| "In granting institution, the Board found the merits of ATL's petitions to be merely 'neutral.'" *Id.* | The Board rejected Maxell's arguments and determined that ATL likely will prevail in instituting the IPRs. *See* 35 U.S.C. § 314(a). The Board's determination of a "neutral" factor was part of its analysis weighing the *Fintiv* factors and finding in favor of ATL in declining to exercise its discretion to deny institution. *Id.* at Part II (A-B) and Part II (C). |
| "The Board repeatedly stated that ATL's arguments were simply "sufficient" for the purpose of institution." *Id.* | By finding that ATL's arguments were "sufficient," the Board rejected Maxell's arguments to the contrary. *See, e.g.*, ECF 89-1 at 23 ("Patent Owner does not come forward with evidence sufficient to refute Petitioner's showing."). Like Maxell's argument that ATL "neglects to mention that [the "reasonable |

1

|  | likelihood"] language is required by law as the standard for instituting an IPR," ECF 90 at 4, so too is finding that ATL's arguments are "sufficient." ECF 89-1 at 12 n.7. |
|---|---|

## II.     ARGUMENT

### A.     Staying this Case Pending the Instituted IPRs Will Simplify the Issues

The Parties agree that the simplification of issues is the most important factor. ECF 90 at 3–4. Rather than address the merits presented by ATL, Maxell resorts to sufficiency arguments based on selective facts and ignores the evidence presented by ATL's arguments. Maxell's three arguments are each dispensed with ease.

First, Maxell attempts to create a new standard—without any authority—requiring ATL to show the Board will "likely" find "all" asserted claims unpatentable. *Id*. That is not the law. ATL need only show some simplification, not complete dissolution. *See NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *7 (E.D. Tex. Mar. 11, 2015). But even if it was, ATL still prevails on this factor because the Board instituted IPRs on not just *all asserted claims*, but on *all claims* of *all Asserted Patents*. *See* ECF 89 at 7. Maxell unsuccessfully argued that there was no "reasonable likelihood" of invalidating *any* of the asserted claims. ECF 89-3 at 29–30. According to the most recent data on claim outcomes, once IPR is instituted, claims were *four-to-five times more likely* to be found unpatentable than they are to be patentable.

| Year/Quarter | Instituted | Unpatentable | Patentable | Δ in Percent |
|---|---|---|---|---|
| FY 2022 Q1 | 2,713 | 1,395 | 282 | 56% vs. 14% |
| FY 2022 Q2 | 5,564 | 3,101 | 778 | 51% vs. 10% |

Ex. 1 at 14; Ex. 2 at 14. Maxell argued to the Board that this simplification factor "is at most neutral," Ex. 3 at 6, but now argues it "weighs heavily against a stay." ECF 90 at 6. Thus, it is *very*

2

likely that the Board will find the asserted claims unpatentable, and a stay pending the IPRs will simplify and/or resolve this case.[1]

Again, refusing to address the common factual and legal issues that will be resolved by the IPRs, Maxell's second argument, that ATL's *Sotera* stipulation "must weight against a stay," contradicts Maxell's arguments to the Board, and cuts against this Court's recent precedent. ECF 90 at 5. Maxell argued to the Board that the *Sotera* stipulation "does not completely remove possible duplicative efforts" ECF 89-1 at 9. Now Maxell claims the IPRs should have no effect on the case. Maxell cannot dispute that based on ATL's *Sotera* stipulation, the invalidity issues are already simplified in this case, and they can be extinguished through the IPRs. Maxell seeks a judgment that each of the Asserted Patents is valid and enforceable. ECF 1 at 55. In the likely event that any of the Asserted Claims are found unpatentable, that will resolve all issues for those claims, saving expenses and resources in discovery and trial.

Lastly, Maxell asserts that "ATL has not shown any other purported simplification." ECF 90 at 4. Maxell takes the position that the Court's claim construction is settled, while at the same time pressing the Court to change (or appeal) the very same claim constructions (*see* ECF 79). That uncertainty highlights the complexity of the patent issues in this case, which if stayed, likely will be simplified on resolution of the IPRs. Thus, this factor weighs in favor of a stay.

### B. Maxell Has Failed to Refute ATL's Showing of No Undue Prejudice

Each of Maxell's purported reasons that a stay will cause undue prejudice are either exaggerations or of Maxell's own making. First, Maxell's jury argument is a red herring. ATL also

---

[1] Maxell declines to address ATL's arguments applying *Kirsch Research & Dev., LLC v. IKO Indus., Inc.*, 2021 WL 4555610, at * 1 (W.D. Tex. Oct. 4, 2021) ("It is undoubtedly true that, were the PTAB to invalidate the [patents] via the [IPRs], . . . this case would be simplified.") or *IKO's* reliance on *Scorpcast v. Boutique Media*, 2021 WL 3514751, at *3 (E.D. Tex. June 7, 2021) (where the PTAB grants institution on more than one ground, "[t]he PTAB has, in essence, indicated that the asserted claims are likely unpatentable.").

3

believes in the Seventh Amendment right to a jury trial—which is why ATL demanded a jury trial. ECF 75 at ¶ 150. But, there is no constitutionally protected right to a civil jury trial at *whatever time* and *however fast* Maxell desires.[2] Maxell declines to address ATL's argument that Maxell can easily speed up the IPRs (and resolution of this case) by expediting its own filings. Maxell's critique of ATL's "heavy reliance" on *TC Tech. LLC, v. T-Mobile USA, Inc.*, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021), and attempt to distinguish are also unpersuasive because the factors and standard for a litigation stay are the same pending a reexam or an IPR. Further, Maxell fails to address any of the other *five* cases ATL relies on in support of a stay in similar circumstances as presented here. ECF 89 at 9–10. And if Maxell's interlocutory claim construction appeal is granted, the Parties could have to return after many months to re-do all fact and expert discovery on the '035 Patent. Maxell also admits that "monetary damages alone may not constitute undue prejudice," and it did not seek a preliminary injunction. Maxell's final argument is of concern over the risk of losing evidence or witnesses' memories fading. ECF 90 at 8. But Maxell has not identified any witnesses or documents to justify its concern of a mere two-month delay of trial until after April 2023. Maxell also has not sought any depositions or pertinent Third Party discovery to date.

As counsel for Maxell argued in favor of a similar stay, "[a]ny harm [Plaintiff] may suffer from a short delay in resolving this case can be adequately compensated by money damages if infringement is found." *Pi-Net Int'l Inc., v. Staples, Inc.*, No. 2:13-cv-01016-JRG-RSP, ECF 84 at 12 (E.D. Tex. May 2, 2014). Maxell has provided no basis for why the same does not apply in this case. Thus, any alleged prejudice is substantially outweighed by the likely simplification of issues and is minimized by the early stage of this case.

---

[2] *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *2 (W.D. Tex. May 30, 2019) is distinguishable because a stay was requested prior to IPR institution, which was not yet certain.

### C. Most of the Time, Effort, and Resources in this Case Lies Ahead

Maxell's argument against a stay focuses on the jurisdictional history of the case, which is ancillary to the merits and ignores the significant work remaining. Maxell attempts to shift the Court's focus from the remaining discovery and merits work to focusing on irrelevant side-developments, which does not put this case at an advanced stage. *TC Tech*, at 2021 WL 8083373 at *3. Just as the Board rejected the same arguments made by Maxell here, this factor favors ATL:

> We recognize that much work remains to be done in the district court litigation as it relates to invalidity: fact discovery is still ongoing, expert reports are not yet due, there have been no fact or expert depositions, and substantive motion practice is yet to come. Thus, . . . the bulk of the work to prepare the invalidity case for trial is yet to be done.

ECF 89-1 at 8 (citation omitted). Moreover, based on the Court's default schedule of 80 weeks from file-to-trial, the majority of this case, in both time and effort, is still yet to come:

| Suit filed | Claim Construction (weeks 15-29) | Fact & Expert Discovery (weeks 30-67) | | | | Pretrial & Trial |
|---|---|---|---|---|---|---|
| 1-10 | 11-20 | 21-30 | 31-40 | 41-50 | 51-60 | 61-70 | 71-80 |

While Maxell claims that it is "well into fact discovery in earnest," ECF 90 at 9, it has only produced 364 documents to date, and only 82 documents since general discovery opened. Shaneyfelt Decl. at 1. Only a third of the non-parties subpoenaed by ATL have produced anything at all, totaling 34 documents. *Id*. This case is twice as far from trial as was the movant in the case Maxell cites. ECF 90 at 9. And due to Maxell's pending Motion for Reconsideration, Claim Construction is not complete. As counsel for Maxell argued in another case:

> A stay will wholly reduce the burden of this consolidated litigation because: (1) resources will not be wasted litigating claims that the USPTO ultimately finds unpatentable, (2) there will be no risk of duplicative, inconsistent, or contradictory claim construction, and (3) the parties' and the Court's resources will not be strained dealing with parallel proceedings.

*Pi-Net*, ECF 84 at 13. The same is true here. On balance, the factors weigh in favor of a stay.

### III. CONCLUSION

The Court should grant ATL's Motion to Stay pending resolution of the IPRs.

Dated: May 4, 2022

Respectfully submitted,

By: */s/ Rose Cordero Prey*
    Craig A. Duewall
    Texas Bar No. 24025334
    Joseph W. Shaneyfelt
    Texas Bar No. 24105406
    **GREENBERG TRAURIG, L.L.P.**
    300 West Sixth Street, Suite 2050
    Austin, Texas 78701-4052
    Telephone: 512-320-7200
    Email: duewallc@gtlaw.com
    Email: shaneyfeltj@gtlaw.com

    Harold Davis (*pro hac vice*)
    David S. Bloch (*pro hac vice*)
    Yang Liu (*pro hac vice*)
    **GREENBERG TRAURIG, L.L.P.**
    101 Second Street, Suite 2200
    San Francisco, CA  94105-3668
    Telephone: 415-655-1300
    Email: davish@gtlaw.com
    Email: blochd@gtlaw.com
    Email: yangliu@gtlaw.com

    Rose Cordero Prey (*pro hac vice*)
    **GREENBERG TRAURIG, L.L.P.**
    One Vanderbilt Avenue
    New York, NY 10017
    Telephone: 212-801-9200
    Email: preyr@gtlaw.com

    James Joseph DeCarlo
    **GREENBERG TRAURIG, L.L.P.**
    500 Campus Drive, Suite 400
    Florham Park, NJ 07932
    Telephone: 973-360-7938
    Email: decarloj@gtlaw.com

    Nigamnarayan Acharya (*pro hac vice*)
    **GREENBERG TRAURIG, L.L.P.**
    333 Piedmont Road, Ne, Suite 2500
    Atlanta, GA 30305

Telephone: 678-553-2100
Email: acharyan@gtlaw.com

Charles Everingham, IV
Tex. Bar No. 00787447
Claire Abernathy Henry
Tex. Bar No. 24053063
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
Email: ce@wsfirm.com
Email: claire@wsfirm.com

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on May 4, 2022.

*/s/ Joseph W. Shaneyfelt*
Joseph W. Shaneyfelt