# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br>　　*Plaintiff,*<br><br>v.<br><br>AMPEREX TECHNOLOGY LIMITED,<br><br>　　*Defendant.* | Civil Action No.: 6:21-cv-347-ADA<br>Civil Action No. 6:21-cv-1007-ADA<br><br>JURY TRIAL DEMANDED |

## DEFENDANT AMPEREX TECHNOLOGY LIMITED'S MOTION TO CERTIFY CLAIM CONSTRUCTION ORDER FOR INTERLOCUTORY APPEAL

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................1

III. LEGAL STANDARD............................................................................................................4

IV. ARGUMENT.........................................................................................................................4

V. CONCLUSION......................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*AlexSam, Inc. v. HealthEquity, Inc.*,
    477 F. Supp. 3d 1227 (D. Utah)..................................................................................................7

*Allen Eng'g Corp. v. Bartell Indus.*,
    299 F.3d 1336 (Fed. Cir. 2002)....................................................................................................6

*Cybor Corp. v. FAS Techs., Inc.*,
    138 F.3d 1448 (Fed. Cir. 1998) (en banc)....................................................................................4

*E.E.O.C. v. Bass Pro Outdoor World, LLC*,
    2014 WL 6453606 (S.D. Tex. Nov. 17, 2014) ............................................................................4

*Easom v. US Well Servs., Inc.*,
    527 F. Supp. 3d 898 (S.D. Tex. 2021) .........................................................................................5

*Feit Elec. Co., Inc. v. CFL Techs. LLC*,
    2019 WL 7020496 (N.D. Ill. Dec. 20, 2019)........................................................................4, 5, 7

*Leite v. Crane Co.*,
    2012 WL 1982535 (D. Haw. May 31, 2012)...............................................................................7

*Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*,
    831 F.3d 1350 (Fed. Cir. 2016)....................................................................................................6

*Nevro Corp. v. Bos. Sci. Corp.*,
    955 F.3d 35 (Fed. Cir. 2020)........................................................................................................6

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
    521 F.3d 1351 (Fed. Cir. 2008)....................................................................................................6

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) .......................................................................................................5

*Regents of Univ. of Cal. v. Dako N. Am., Inc.*,
    477 F.3d 1335 (Fed. Cir. 2007)............................................................................................1, 4, 7

*Ritz Camera & Image, LLC v. SanDisk Corp.*,
    463 F. App'x 921 (Fed. Cir. 2012) ..............................................................................................4

*Shire LLC v. Sandoz Inc.*,
    2008 WL 5120728 (D. Colo. Dec. 5, 2008)..............................................................................5, 6

*St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*,
    2010 U.S. Dist. LEXIS 40628 (D. Del. Mar. 28, 2010) ..............................................................5

*Trs. of Columbia Univ. v. Symantec Corp.*,
    811 F.3d 1359 (Fed. Cir. 2016)....................................................................................................6

**Federal Statutes**

28 U.S.C. § 1292(b) ................................................................................................................1, 4, 6

**I.    INTRODUCTION**

Defendant Amperex Technology Limited ("Amperex") respectfully requests that this Court certify its claim constructions with respect to the '035 patent for interlocutory review under 28 U.S.C. § 1292(b). (*See* Dkt. 156 (Claim Construction Order) (Terms 1, 2, 5, and 7); *see also* Dkt. 72.)

Interlocutory review promotes judicial efficiency by avoiding piecemeal litigation of the same issue and is particularly appropriate under the unique circumstances of this case. Here, this Court has entered partial summary judgement that the '035 patent was invalid for being indefinite and that judgment is currently under appeal (Dkt. 158, 160), but two other patents that share common claim terms with the '035 patent, the '019 patent and the '446 patent, remain at issue in the case. As a result, the Federal Circuit may have to review the claim constructions of the '035 patent multiple times—first with respect to the indefinite claim term that is currently on appeal, and then for the remaining terms that are shared with two other patents-in-suit if they are found valid and infringed. To afford the Federal Circuit the opportunity to "exercise its own discretion in deciding" whether it will review all claim construction issues pertaining to the '035 patent at once, this Court should certify the remaining terms of the '035 for interlocutory appeal. *Regents of Univ. of Cal. v. Dako N. Am., Inc.*, 477 F.3d 1335, 1336 (Fed. Cir. 2007).

**II.   BACKGROUND**

Plaintiff Maxell asserted four patents against Amperex in this case: U.S. Patent Nos. 8,691,446 ('446 patent), 9,350,019 ('019 patent), 9,077,035 ('035 patent), and 9,166,251 ('251 patent). (Dkt. 1.) The '035 patent shares common inventors and written disclosures with the '019 and '446 patents, as well as common claim terms that were construed by the Court during claim construction. (*See* Dkt. 54 (Opening Markman Br.) at 3–5; Dkt. 72.)

This Court held a *Markman* hearing on February 14, 2022 (Dkt. 69) and issued its claim construction order soon after. (Dkt. 72 (Claim Construction Order).) As shown in the table below, the claim construction order addresses five terms pertaining to the '035 patent: Terms 1, 2, 5, 7, and 8.[1] (Dkt. 72 (Claim Construction Order) at 2–5; 156.) Term 8 is unique to the '035 patent and was the reason this Court found the '035 patent to be invalid. (Dkt. 72 at 5; Dkt. 156 at 43–47; Dkt. 158 at 2.) Terms 1, 2, 5, and 7 are common between the invalid '035 patent and the remaining '019 and '446 patents at issue in this case. (*Id.*) Defendant Amperex alleges that under the correct claim construction of Term 1 or 2, there is no infringement. (*See* Ex. 1 (Amperex Response to Maxell Interrogatory No. 8) at 30; *see also* Ex. 2 (Markman Tr.) at 6:10–9:16; Dkt. 51 (Opening Claim Construction Br.) at 6–11; Dkt. 53 (Reply Claim Construction Br.) at 1–4.) Amperex further alleges that Term 5 and 7 should be found indefinite, thus rendering all three patents invalid. (Dkt. 51 (Opening Claim Construction Br.) at 17–22, 23–24; Dkt. 53 (Reply Claim Construction Br.) at 7–11, 12–13; Ex. 2 (Markman Tr.) at 32–39.)

| Claim Term | Relevant Patent | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Final Construction |
|---|---|---|---|---|
| #1: "positive electrode mixture layer" | '446; '019; '035 | Plain and ordinary meaning | "A mixture of at least two lithium-containing transition metal oxides formed on one or both sides of an electrode current collector" | Plain and ordinary meaning |
| #2: "the positive electrode contains, as [an] active material[s], at least two lithium-containing transition metal oxides | '446; '019; '035 | Plain and ordinary meaning | "The active material of the positive electrode is a mixture formed from two or more lithium-containing transition metal oxides, at least | Plain and ordinary meaning |

---

[1] This brief adopts the same numbering of claim terms as in the claim construction order. (*See, e.g.*, Dkt. 72 (Claim Construction Order).)

| Claim Term | Relevant Patent | Plaintiff's Proposed Construction | Defendant's Proposed Construction | Court's Final Construction |
|---|---|---|---|---|
| having different average particle sizes" | | | two of the transition metal oxides having different average particle sizes" | |
| #5: "$0.97 \leq x < 1.02$, $0.8 \leq y < 1.02$, $0.002 \leq z \leq 0.05$, and $0 \leq v \leq 0.05$"/ "$0.97 \leq a < 1.02$, $0.8 \leq b < 1.02$, $0 \leq c \leq 0.02$, and $0 \leq d \leq 0.02$" | '446; '019; '035 | Plain and ordinary meaning | Indefinite | Not indefinite. Plain and ordinary meaning |
| #7: "at least 3.5 g/cm$^3$" | '446; '019; '035 | Plain and ordinary meaning | Indefinite | Not indefinite. Plain and ordinary meaning |
| #8: "$M^1$ represents at least one transition metal element selected from Co, Ni and Mn, … wherein the content of Co in the transition metal M1 of the formulae (1) and (2) is from 30% by mole to 100% by mole" | '035 | Plain and ordinary meaning | Indefinite | Indefinite |

On March 9, 2022, Maxell sought partial reconsideration of the Court's Claim Construction Order limited to the finding of indefiniteness of Term #8 (Dkt. 79), which this Court has denied (Dkt. 158). Summary judgment of invalidity of the '035 patent was granted on November 10, 2022, and partial final judgment entered the same day. *Id.* Maxell filed its notice of appeal on November 11, 2022. (Dkt. 160.)

Parallel to this litigation, the Patent Trial and Appeals Board ("PTAB") has instituted *inter partes* reviews ("IPR") of all four asserted patents, including all asserted claims in this case. (*See*

Dkt. 89 at 4 (Table 1 listing asserted patents, their claims that are challenged in IPR, and instituted IPR grounds).)

## III. LEGAL STANDARD

The district court has discretion to certify claim construction issues for appeal under 28 U.S.C. § 1292(b) if the court is of the opinion that the issues involve (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

The Federal Circuit then has discretion to decide "whether it will grant permission to appeal an interlocutory order certified by a trial court." *Regents of Univ. of Cal.*, 477 F.3d at 1336; *Ritz Camera & Image, LLC v. SanDisk Corp.*, 463 F. App'x 921, 922 (Fed. Cir. 2012) (same).

## IV. ARGUMENT

This Court should exercise its discretion to certify all claim constructions pertaining to the '035 patent for interlocutory appeal so that the Federal Circuit may exercise its discretion to review all claim terms that pertain to the '035 patent at once. *See Regents of Univ. of Cal.*, 477 F.3d at 1336 (the Federal Circuit granting the petition for interlocutory review of a claim construction order where "the district court's claim construction is already before this court"). This Court has the authority to do so under § 1292(b) because all three elements of the statute are met.

First, claim construction of Terms 1, 2, 5, and 7 are "controlling questions of law" under § 1292(b). Initially, claim construction is a question of law that the Federal Circuit reviews without deference. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1455 (Fed. Cir. 1998) (en banc) ("the totality of claim construction is a legal question to be decided by the judge")). Moreover, these terms are also sufficiently important to be "controlling." "A controlling question of law need not necessarily terminate an action," and questions are sufficiently controlling if they "impact the

4

future course of the litigation." *E.E.O.C. v. Bass Pro Outdoor World, LLC*, 2014 WL 6453606, at *3 (S.D. Tex. Nov. 17, 2014); *see also Feit Elec. Co., Inc. v. CFL Techs. LLC*, 2019 WL 7020496, at *2 (N.D. Ill. Dec. 20, 2019) (a question is controlling if "interlocutory reversal *might* save time for the district court, and time and expense for the litigants") (emphasis added). Here the claim construction issues are controlling because they may eliminate three out of four patents asserted in this case: an appellate reversal on Terms 1 and 2 will would likely result in noninfringement of the '035 patent as well as the '019 and '446 patents; and a reversal with respect to the claim construction of Terms 5 and 7 will result in findings of indefiniteness, rendering the three patents invalid. *See, e.g.*, *Feit Elec.* 2019 WL 7020496, at *2 ("almost half of the claims brought by Plaintiff turn on that determination. Thus, it is controlling"); *see also St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 2010 U.S. Dist. LEXIS 40628, at *19-20 (D. Del. Mar. 28, 2010) ("appellate ruling on the meaning of these terms will certainly have, at minimum, a substantial impact on the remaining proceedings in the instant cases"); *Shire LLC v. Sandoz Inc.*, 2008 WL 5120728, at *2 (D. Colo. Dec. 5, 2008) (finding the issue of claim construction "controlling" because it "*may* be dispositive as to infringement of at least one of the underlying patents") (emphasis added).

Second, there are "substantial grounds for difference of opinion" regarding the claim construction of Terms 1, 2, 5, and 7 under § 1292(b) because they present issues "on which fair-minded jurists might reach contradictory conclusions." *Easom v. US Well Servs., Inc.*, 527 F. Supp. 3d 898, 917 (S.D. Tex. 2021) (quoting *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)), rev'd and remanded on other grounds, 37 F.4th 238 (5th Cir. 2022). With respect to Terms 1 and 2, this Court sided with Plaintiff Maxell in affording them "plain and ordinary meaning[s]" even though Maxell does not attribute plain and ordinary meanings to those terms, because this

5

Court prefers to resolve issues of infringement after final contentions are exchanged via summary judgment rather than in an earlier claim construction. (*See* Ex. 2, Markman Tr. at 7:9–9:16.) Other courts have adopted the opposite approach. *See, e.g.*, *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008) ("A determination that a claim term 'needs no construction' or has the 'plain and ordinary meaning' may be inadequate when a term has more than one 'ordinary' meaning or when reliance on a term's 'ordinary' meaning does not resolve the parties' dispute."). With respect to Term 5 and 7, this Court again sided with Maxell in affording them "plain and ordinary meaning[s]" even though Amperex pointed out that a person of ordinary skill in the art may attach different meanings to those terms, (Ex. 2, Markman Tr. at 33:6–10, 33:11–13, 36:5–9, 40:2–10; Dkt. 51 (Opening Markman Br.) at 17–22, 24; Dkt. 54 (Reply Markman Br.) at 7–11, 12–13), without providing any clarification as to which meaning the Court will adopt. Fair-minded jurists similarly could have reached a different conclusion. *See, e.g.*, *Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*, 831 F.3d 1350, 1362 (Fed. Cir. 2016) (noting that claims that "were internally contradictory" or "contradicted the specification" are invalid as indefinite) (citing *Trs. of Columbia Univ. v. Symantec Corp.*, 811 F.3d 1359, 1366–67 (Fed. Cir. 2016) and *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002)); *Nevro Corp. v. Bos. Sci. Corp.*, 955 F.3d 35, 42 (Fed. Cir. 2020) (while finding a term susceptible to different interpretations not indefinite, construing that term to provide clarity).)

Third, the Federal Circuit's immediate review of Terms 1, 2, 5, and 7 may "materially advance the ultimate termination of the litigation." § 1291(b). A reversal by the Federal Circuit of any of these constructions would likely eliminate three out of four patents from this case, "conserv[ing] judicial resources and spar[ing] the parties from possibly needless expense." *Shire*, 2008 WL 5120728, at *2 (granting motion to certify interlocutory review because it "may [] be

dispositive of claims asserted in this lawsuit"). Even though a Federal Circuit reversal would not necessarily "end the litigation" with respect to the '251 patent, it would nonetheless speed up the litigation by "remov[ing] uncertainty about the status of" other claims. *Feit Elec.*, 2019 WL 7020496, at *2. Moreover, interlocutory review is particularly appropriate here "where resolution of the issue[s] would materially advance the termination of not only the present case, but also other cases pending" both before this Court and in front of the PTAB. *Leite v. Crane Co.*, 2012 WL 1982535, at *6–7 (D. Haw. May 31, 2012); *see also AlexSam, Inc. v. HealthEquity, Inc.*, 477 F. Supp. 3d 1227, 1235 (D. Utah), leave to appeal denied, 825 F. App'x 927 (Fed. Cir. 2020) (certifying interlocutory review where "it is likely that" a reversal by the Federal Circuit would "promptly and efficiently resolve litigation not only in this case, but also in two other district courts").

To afford the Federal Circuit the opportunity to "exercise its own discretion in deciding" whether it will review all claim construction issues pertaining to the '035 patent at once, this Court should certify the remaining terms of the '035 for interlocutory appeal. *Regents of Univ. of Cal. v*, 477 F.3d at 1336.

As explained above, this Court has authority under § 1292(b) to certify all claim constructions pertaining to the '035 patent for interlocutory appeal. The common claim terms between the '035 patent and the '019 and '446 patents involve (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) where an immediate appeal from the order may materially advance the ultimate termination of the litigation. Given Maxell's appeal of the Court's claim construction and subsequent finding of invalidity for the '035 patent, this Court should certify the remaining claim terms from the '035 patent so that the Federal Circuit may exercise its discretion to review all of the '035 claim terms at once. *See Regents of*

*Univ. of Cal.*, 477 F.3d at 1336 (the Federal Circuit granting the petition for interlocutory review of a claim construction order where "the district court's claim construction is already before this court").

## V. CONCLUSION

Amperex respectfully requests that the Court grant this Motion.

Dated: November 23, 2022

Respectfully submitted,

By: /s/ *Harold Davis w/permission Charles Everingham IV*
Craig A. Duewall
Texas Bar No. 24025334
Joseph W. Shaneyfelt
Texas Bar No. 24105406
**GREENBERG TRAURIG, L.L.P.**
300 West Sixth Street, Suite 2050
Austin, Texas 78701-4052
Telephone: 512-320-7200
Email: duewallc@gtlaw.com
Email: shaneyfeltj@gtlaw.com

Harold Davis (*pro hac vice*)
Howard Chen (admitted *pro hac vice*)
David S. Bloch (*pro hac vice*)
Yang Liu (*pro hac vice*)
**GREENBERG TRAURIG, L.L.P.**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: 415-655-1300
Email: davish@gtlaw.com
Email: chenh@gtlaw.com
Email: blochd@gtlaw.com
Email: yangliu@gtlaw.com

Rose Cordero Prey (*pro hac vice*)
Brian Prew (*pro hac vice*)
**GREENBERG TRAURIG, L.L.P.**
One Vanderbilt Avenue
New York, NY 10017
Telephone: 212-801-9200
Email: preyr@gtlaw.com
Email: prewb@gtlaw.com

8

James Joseph DeCarlo (*pro hac vice*)
**GREENBERG TRAURIG, L.L.P.**
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: 973-360-7938
Email: decarloj@gtlaw.com

Nigamnarayan Acharya (*pro hac vice*)
**GREENBERG TRAURIG, L.L.P.**
333 Piedmont Road, Ne, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Email: acharyan@gtlaw.com

Charles Everingham, IV
Tex. Bar No. 00787447
Claire Abernathy Henry
Tex. Bar No. 24053063
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
Email: ce@wsfirm.com
Email: claire@wsfirm.com

**ATTORNEYS FOR DEFENDANT
AMPEREX TECHNOLOGY LIMITED**

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, I hereby certify that counsel of record for both parties to the above action have made a good-faith attempt to meet and confer to resolve the matter on November 21, 2022. Counsel for Maxell, Ltd., indicated it was opposed to the relief requested herein.

*/s/    Rose  Cordero  Prey  w/permission*
*Charles Everingham IV*
Rose Cordero Prey

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on November 23, 2022.

*/s/     Charles Everingham IV*
Charles Everingham IV