UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br>*Plaintiff,*<br><br>v.<br><br>AMPEREX TECHNOLOGY LIMITED,<br><br>*Defendant.* | Civil Action No.: 6:21-cv-347-ADA<br>Civil Action No. 6:21-cv-1007-ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT AMPEREX TECHNOLOGY LIMITED'S RENEWED OPPOSED MOTION TO STAY IN LIGHT OF FINAL WRITTEN DECISION ON *INTER PARTES* REVIEW INVALIDATING ALL ASSERTED PATENTS**

**I.      INTRODUCTION**

On March 28, 2023, the Patent Trial & Appeal Board issued final written decisions finding all claims of both remaining patents in suit (as well as two other patents originally asserted in the case) invalid. Regardless of whether Maxell appeals those decisions, it makes little sense to continue expending scarce judicial resources and perhaps even empanel a jury to hear a lawsuit over patents that—at present—stand invalid. A delay will not prejudice Maxell, which does not practice the patents and is not seeking an injunction. Accordingly, the Court should stay this case until and unless the Federal Circuit reverses the PTAB's invalidity determinations in IPR2021-01442 (`251 patent) and IPR2021-01443 (`019 patent).

**II.     BACKGROUND**

As the Court is aware, Maxell filed this case in April 2021. ECF 1. In September 2021, ATL filed petitions for *inter partes* review of all four asserted patents, informing the Court that it "expects final written decisions no later than March 23, 2023." ECF 24. Some three weeks later, ATL entered into a *Sotera* stipulation ensuring that it would not assert in this Court the same invalidity grounds raised (or that could reasonably have been raised) in the IPR petitions. ECF 77. On April 20, 2022, ATL moved to stay the case based on the institution of its IPR petitions (ECF 89),[1] and informed the Court of the fully briefed motion on May 26, 2022. The Court denied ATL's motion. ECF 105; *see* Declaration of David S. Bloch ¶ 2, Exhibit A (7.27.22 Tr.) at 39:22-23.

On March 28, 2023, the PTAB issued final written decisions holding all claims of the remaining patents invalid. Bloch Dec. ¶¶ 3-4, Exs B (final written decision, IPR2021-01442) and

---

[1] ATL also had sought stays of the case based upon the uncertainty of the venue of this lawsuit (ECF 10) and pending Maxell's appeal of the Court's order finding the '035 patent indefinite (ECF 82). Both of those requests were denied. ECF 63

C (final written decision, IPR2021-01443).  ATL has prevailed on all of the asserted claims before the PTAB and a final written decision has been received.

Briefing is underway on *Daubert* and summary judgment motions, and the case presently is set for trial in May 2023 with respect to the remaining `019 and `251 patents.  In view of the final written decisions, ATL now renews its request for a stay.

**III.     ARGUMENT**

The Court has the inherent authority to stay this case.  "A district court has the inherent power to control its own docket, including the power to stay proceedings before it." *Kirsch Research and Dev., LLC v. IKO Indus., Inc.*, 2021 U.S. Dist. LEXIS 191684, at *4 (W.D. Tex. Oct. 4, 2021) (Albright, J.).  "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *Id*.

When courts evaluate whether to grant a stay pending IPR, they consider: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *UNM Rainforest Innovations v. TP-Link Techs. Co.*, 2023 U.S. Dist. LEXIS 50146 at *4-*5 (W.D. Tex. March 24, 2023) (Albright, J.).  "Those same factors govern the question whether to extend the stay, after the PTAB has issued its decision in an IPR proceeding, pending a request for rehearing before the PTAB or an appeal to the Federal Circuit." *Ioengine, LLC v. Paypal Holdings, Inc.*, 2020 U.S. Dist. LEXIS 198388, at *7 (D. Del. Oct. 26, 2020).  But "the most important factor bearing on whether to grant a stay ... is the prospect that the *inter partes* review proceeding will result in

2

simplification of the issues." *UNM*, 2023 U.S. Dist. LEXIS 50146, at *7-8, quoting *NFC Tech. LLC v. HTC Am., Inc.*, 2015 U.S. Dist. LEXIS 29573, at * 12 (E.D. Tex. Mar. 11, 2015).

      **1.** **A stay will not prejudice Maxell.** Under the circumstances, granting the requested stay will not prejudice Maxell. Maxell does not seek an injunction, and "mere delay in collecting damages does not constitute undue prejudice." *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 U.S. Dist. LEXIS 77526, at *10 (W.D. Tex. June 16, 2015) (Sparks, J.). All documents have been exchanged and all witnesses have been deposed, so there is no risk of evidence being lost or memory fading.

      Granted, a patentee normally has an interest in the speedy resolution of its claims. But "the weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery." *Kirsch Res.*, 2021 U.S. Dist. LEXIS 191684, at *6-7. And the interest in fast trial all but disappears where, as here, the PTAB has concluded there are no valid claims to enforce.

      **2.** **The proceedings before the Court have reached an advanced stage.** In evaluating whether to grant a stay, the Court considers the state of the proceedings, including the diligence in filing the post-grant petition and moving to stay. *NFC Tech.*, 2015 U.S. Dist. LEXIS 29573, at *10-11. From the outset, ATL has diligently sought to stay this case in light of its IPR petitions. As noted, however, this case is now less than two months from trial and dispositive motions are pending. So this factor weighs against a stay, though at the same time ATL submits that its diligence in *trying* to stay the case earlier should be viewed as a countervailing factor. See *TC Tech. LLC, v. T-Mobile USA, Inc.*, 2021 U.S. Dist. LEXIS 256992, at *7 (W.D. Tex. Dec. 7, 2021) (Albright, J.) (granting stay in light of reexamination initial office action invalidating claims; crediting diligence of movant's filing).

3

3.      **A stay will result in simplifying the case before the Court.**  The PTAB has invalidated all of Maxell's claims.  If its decisions stand, there is nothing left for Maxell to try.  See *Kirsch Res.*, 2021 U.S. Dist. LEXIS 191684, at *8 ("It is undoubtedly true that, were the PTAB to invalidate the [] patent via the ... IPR, and were the Federal Circuit to uphold that decision on any potential appeal, this case would be simplified").  The PTAB's decisions have, as a practical matter, "eliminate[d] the need for trial entirely." *TC Tech.*, 2021 U.S. Dist. LEXIS 256992, at *9; *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot").

At this point, Maxell's only recourse is to seek rehearing at the PTAB or appeal the PTAB's decisions to the Federal Circuit.  But "records show that the Federal Circuit issues a 'full affirmance in more than 75% of appeals from the PTAB.'"  *UNM*, 2023 U.S. Dist. LEXIS 50146, at *9 (citations omitted).  So there is a high likelihood that the PTAB's decision to invalidate the `019 and `251 patents will stand up on appeal.  This factor - "the most important factor bearing on whether to grant a stay," *id.* at *7-8—overwhelmingly and decisively favors a stay.

Not granting a stay, moreover, creates practical issues that will render trial more difficult: Maxell should not be able to rely on the presumption of validity at this point; but should the jury be informed of the PTAB's decisions?  And there are at least twelve (12) pending, substantive motions that the Court has not yet resolved,[2] plus a pending Federal Circuit appeal on the `035

---

[2] ECF 169 (motion to certify for interlocutory appeal), ECF 196 (Lucht *Daubert*), ECF 197 (Rastegar *Daubert*), ECF 198 (motion to strike Serwin), ECF 199 (Becker *Daubert*), ECF 200 (Fuller *Daubert*), ECF 201 (Hayes *Daubert*), ECF 202 (Maxell motion for summary judgment), ECF 207 (ATL motion for summary judgment - invalidity), ECF 209 (ATL motion for summary judgment - noninfringement), ECF 210 (ATL motion for summary judgment - no indirect or willful infringement), and  ECF 233 (ATL motion for supplemental claim construction).

4

patent on grounds unrelated to the PTAB decision invalidating that patent. ATL anticipates filing at least two more substantive motions. Thus, not staying the case will significantly tax judicial resources—to say nothing of the inconvenience of empaneling a jury to hear claims relating to invalid patents.

## IV.     CONCLUSION

The PTAB's decision invalidating all asserted and unasserted claims of the `019 and `251 patents decisively swings the balance in favor of staying this case. There is no reason to burden the Court or a Waco jury with a May trial in a case involving invalid patents. If not closed outright, this case should be stayed until Maxell's appellate rights are exhausted.

Dated: March 31, 2023                                        Respectfully submitted,

By: /s/ David S. Bloch w/permission
    Charles Everingham IV
        Craig A. Duewall
        Texas Bar No. 24025334
        Joseph W. Shaneyfelt
        Texas Bar No. 24105406
        **GREENBERG TRAURIG, L.L.P.**
        300 West Sixth Street, Suite 2050
        Austin, Texas 78701-4052
        Telephone:  512-320-7200
        Email: duewallc@gtlaw.com
        Email:  shaneyfeltj@gtlaw.com

        Harold Davis (*pro hac vice*)
        David S. Bloch (*pro hac vice*)
        Yang Liu (*pro hac vice*)
        **GREENBERG TRAURIG, L.L.P.**
        Four Embarcadero Center, Suite 3000
        San Francisco, CA 9411
        Telephone:  415-655-1300
        Email: davish@gtlaw.com
        Email: blochd@gtlaw.com
        Email: yangliu@gtlaw.com

        Rose Cordero Prey (*pro hac vice*)
        **GREENBERG TRAURIG, L.L.P.**
        One Vanderbilt Avenue

New York, NY 10017
Telephone: 212-801-9200
Email: preyr@gtlaw.com

James Joseph DeCarlo
**GREENBERG TRAURIG, L.L.P.**
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: 973-360-7938
Email: decarloj@gtlaw.com

Nigamnarayan Acharya (*pro hac vice*)
**GREENBERG TRAURIG, L.L.P.**
333 Piedmont Road, Ne, Suite 2500
Atlanta, GA 30305
Telephone: 678-553-2100
Email: acharyan@gtlaw.com

Charles Everingham, IV
Tex. Bar No. 00787447
Claire Abernathy Henry
Tex. Bar No. 24053063
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: 903-757-6400
Email: ce@wsfirm.com
Email: claire@wsfirm.com

ATTORNEYS FOR DEFENDANT
AMPEREX TECHNOLOGY LIMITED

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7, I hereby certify that counsel of record for both parties to the above action met and conferred in a good-faith attempt to resolve the matter on March 30, 2023. Counsel for Maxell, Ltd., indicated it was opposed to the relief requested herein.

*/s/ Charles Everingham IV*
Charles Everingham IV

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on March 31, 2023.

*/s/ Charles Everingham IV*
Charles Everingham IV